UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LENORE NELSON,

    Plaintiff,

v.                                                                                      Case No. 8:16-cv-869-T-24 JSS

BLACK & DECKER (U.S.), INC.,
ET AL.,

    Defendants.
_____/

## **ORDER**

      This cause comes before the Court on Plaintiff's Motion to Remand. (Doc. No. 19). Defendants oppose the motion. (Doc. No. 20). As explained below, the motion is granted.

## **I. Background**

      On February 28, 2016, Plaintiff Lenore Nelson filed this products liability lawsuit in state court against Defendants Black & Decker (U.S.), Inc., Spectrum Brands, and Wal-Mart Stores East, LP. (Doc. No. 2). Specifically, Plaintiff alleges that on September 22, 2012, she purchased a Black & Decker food processor from Wal-Mart. The food processor was distributed to Wal-Mart by Spectrum Brands. When Plaintiff opened the box and removed the food processor, an unsecured blade slid out, fell onto her left foot, and severed a tendon in her left big toe.

      Plaintiff does not allege a specific amount of damages. Instead, she states in her complaint that this is an action in excess of $15,000, exclusive of interest and costs. Plaintiff contends that she has suffered bodily injury, pain and suffering, physical impairment, lost wages, and substantial past and future medical expenses. As a result, she asserts the following claims against Defendants: strict liability, negligence, breach of implied warranty of merchantability,

and breach of the Magnuson-Moss Warranty Act.

In response, Defendants removed the case to this Court based on diversity subject matter jurisdiction. (Doc. No. 1). There is no dispute that complete diversity exists. Defendants state in their Notice of Removal that the amount in controversy is met, because: (1) juries routinely award more than $75,000 in personal injury lawsuits; and (2) Plaintiff's pre-suit demand letter sought more than $75,000.

## II.  Motion to Remand

Plaintiff filed the instant motion to remand, arguing that Defendants have not met their burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold.  As explained below, the Court agrees with Plaintiff.

Defendants have the burden of establishing that federal jurisdiction exists.  See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)(citation omitted).  Since Plaintiff has not pled a specific amount of damages in her complaint, Defendants must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement.  See id. (citation omitted).  As explained by one court:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. . . . A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

Id. at 1319–20.

On the other hand, "a removing defendant is not required to prove the amount in

2

controversy beyond all doubt or to banish all uncertainty about it." See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)(citations omitted). The use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case. See id. at 754; see also Roe v. Michelin North America, Inc., 613 F.3d 1058, 1063 (11th Cir. 2010)(noting that a district court may "employ[] its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy"). However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)(citations omitted).

In response to the motion to remand, Defendants argue that the amount in controversy is met, because: (1) Florida juries routinely award more than $75,000 in product liability suits with resulting personal injury; (2) Plaintiff made a pre-suit demand of $100,000; and (3) Plaintiff's counsel has refused to stipulate that the damages do not exceed $75,000. The Court finds that this evidence is not sufficient to meet Defendants' burden.

The fact that Florida juries routinely award more than $75,000 in product liability suits with resulting personal injury is hardly helpful in determining the amount in controversy in this case. Defendants have failed to cite to any specific jury verdicts in cases that involve similar injuries to those suffered in this case. As a result, this argument relies on mere speculation that because this is a product liability suit with a resulting personal injury, a jury could award Plaintiff more than $75,000; this is not sufficient evidence to support Defendants' assertion that the amount in controversy threshold has been met. See Hill v. Toys "R" Us, Inc., 2010 WL 3834532, at *2–3 (S.D. Ala. Sept. 24, 2010); Earl v. Diebold, Inc., 2015 WL 789763, at *5 (S.D.

Ala. Feb. 25, 2015); Lambeth v. Peterbilt Motors Co., 2012 WL 1712692, at *5 (S.D. Ala. May 15, 2012); Snellgrove v. Goodyear Tire & Rubber Co., 2014 WL 235367, at *6 (N.D. Ala. Jan. 22, 2014).

Even if Defendants had cited to specific jury verdicts in cases that involve similar injuries to those suffered in this case, this Court would still question how illuminating past jury verdicts in other cases can be on the actual amount in controversy in this case. As explained by one court:

> [W]e question whether such general evidence [regarding the value of tort claims in other similar cases] is ever of much use in establishing the value of claims in any one particular suit. Looking only to this evidence and the complaint, the facts regarding other cases tell us nothing about the value of the claims in this lawsuit. Even were we to look to evidence beyond that contained within the notice of removal, in the present dispute—with a record bereft of detail—we cannot possibly ascertain how similar the current action is to those the defendants cite. Absent specific detail about the present action, the [evidence of other lawsuits] in no way clarifies the aggregate value of the claims here. The defendants, therefore, have failed to meet their burden.

Lowery v. Alabama Power Co., 483 F.3d 1184, 1220–21 (11th Cir. 2007); see also Federated Mutual Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 809 (11th Cir. 2003)(stating that "mere citation to what has happened in the past [referring to awards in other cases] does nothing to overcome the indeterminate and speculative nature of [the defendant's] assertion [of the amount in controversy] in this case").

Next, Defendants point to Plaintiff's pre-suit demand letter, in which she sought $100,000. While pre-suit demand letters may be considered in determining the amount in controversy, "a court may refuse to credit the sum demanded if it does not correlate [to] the plaintiff's damages." Ashmeade v. Farmers Ins. Exchange, 2016 WL 1743457, at *2 (M.D. Fla.

May 3, 2016)(citations omitted).  As explained by one court:

> Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight.

Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); see also Ashmeade, 2016 WL 1743457, at *3.

On March 31, 2014, Plaintiff sent a demand letter outlining how the blade from the food processor severed a tendon in her toe.  (Doc. No. 20-4).  The demand letter states, in relevant part, the following:

> [Plaintiff Nelson] required two surgeries.  She was unable to weight bear on the left extremity.  She still experiences pain and cannot fully flex her left toe.  She still has numbness in the toe.  There is deformity.  She also missed work as a result of this incident and the treatment.  She underwent extensive physical therepy [sic]. She experienced significant pain and suffering.  There is a permanent injury. . . . Medical bills and medical records are attached. . . . The extent of the claimant's injury, treatment and damages is now ascertainable to be fairly compensable at $100,000. A demand for compensation in that amount is hereby being made. . . .
>
> On the basis of the foregoing damages, I am offering a reasonable value for Ms. Nelson's claim for bodily injuries, emotional trauma, damages, losses (past, present, and future).  Based on all the damages, coupled with the tremendous physical and emotional loss suffered, I am are [sic] sure that you will agree that a fair and proper demand to compensate my client for her injuries is the proper settlement in the amount of $ 100,000.

(Doc. No. 20-4).

In addition to the demand letter, Defendants point to Plaintiff's interrogatory responses, in which she states the following regarding her damages:

> I am claiming damages related to loss of wages, past and future medical expenses, and pain and suffering. The exact amount is unknown to me at this time. The pain and suffering damages will be based on the collective conscience of the jury. Damages for past medical expenses are $43,457.51. Damages for future medical expenses are unknown to me at this time and probably require the testimony of doctors. Due to this injury, I lost 449.50 hours from work between September 23, 2012 and January 7, 2013. At that time, I was earning $26.54 per hour and worked full time at 36 hours per week. The resulting amount of lost wages is $11,929.73.

(Doc. No. 20-3, p. 8 of 8). Thus, Plaintiff asserts that her damages consist of lost past wages and past medical expenses totaling $55,387.24, plus future medical expenses, plus pain and suffering. There is no information for the Court to estimate the amount of future medical expenses, and the Court will not engage in speculation regarding the value of her claim for pain and suffering. See Earl, 2015 WL 789763, at * 6 (refusing to speculate as to the value of the plaintiff's emotional distress). While Defendants point out that Plaintiff was very active before the injury and now must wear protective shoes, cannot be barefoot, and is in constant worry about her balance, such does not help the Court to put a value on her pain and suffering damages. Given the lack of information about future medical costs and the inability to value Plaintiff's pain and suffering, the Court cannot say that the $100,000 demand letter should be given great weight. Defendants are simply asking the Court to speculate that Plaintiff's future medical costs and pain and suffering should be valued at more than $19,612.76 to meet the $75,000 threshold. The Court is unwilling to engage in such speculation, especially given that uncertainties are resolved in favor of remand.

Finally, Defendants point out that Plaintiff's counsel has refused to stipulate that the amount in controversy does not exceed $75,000. (Doc. No. 20-5). However, "a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof" as to the amount in

6

controversy. Williams, 269 F.3d at 1320. Even considering this evidence in conjunction with the demand letter and Plaintiff's interrogatory responses regarding her damages and the effect this injury has had on her life, the Court concludes that Defendants have fallen short of their burden of proving by a preponderance of the evidence that the amount in controversy has been met.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Doc. No. 19) is **GRANTED**. The Clerk is directed to remand this case to state court and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of August, 2015.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record